O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | |
|---|---|
| **UBALDO CARRILLO-PALOS**, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v.   § | Civil Action No. 5:05-cv-246 |
| § | Criminal Action No. 5:04-cr-1824 |
| **UNITED STATES**, § | |
| § | |
| *Respondent*. § | |
| § | |

## OPINION & ORDER

Pending before the Court is Petitioner Ubaldo Carrillo-Palos' untitled motion for relief. [Dkt. No. 17].

On October 21, 2004, Petitioner pled guilty to one count of illegal reentry into the United States, in violation of 8 U.S.C. § 1326(b)(2) and 6 U.S.C. §§ 202 and 557. [Dkt. No. 16]. He was subsequently sentenced to 70 months imprisonment. [Dkt. No. 16 at 2]. Petitioner failed to timely appeal his conviction and/or sentence, an intentional and informed decision as evidenced by his Notice of Non-Appeal. [Dkt. No. 15].

Approximately four months after his opportunity to file a direct appeal expired, Petitioner filed the untitled motion for relief now before the Court. [Dkt. No. 17]. Although untitled, the motion is styled as an appellate brief. In light of the fact that a direct appeal is now foreclosed, the Court is inclined to re-characterize Petitioner's motion as one to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

As the Supreme Court has provided,:

> [a] court may not "recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

*Castro v. United States*, 540 U.S. 375, 377 (2003). The Court, on May 5, 2007, notified Petitioner of its intention to recharacterize his Motion unless he withdrew or amended his filing within 30 days; Petitioner has failed to do either. Accordingly, the Court considers Petitioner's motion his first § 2255 Petition.

Petitioner's first argument seems to be that his sentence enhancement for a prior conviction is unconstitutional in light of the Supreme Court's decision *United States v. Booker*, 543 U.S. 220 (2005).

A direct attack on a sentencing court's application of the Guidelines is not cognizable in the § 2255 context. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Notwithstanding the facial non-cognoscibility of this claim, *pro se* petitioners are held to a relatively forgiving pleading standard. *See Haines v. Kerner*, 404 U.S. 519 (1972). Thus, the Court charitably reads Petitioner's claim as one of ineffective assistance by way of counsel's *failure to object* to the sentencing court's application of the Guidelines;[1] this, however, does not change the outcome.

In *Booker*, the Court held that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts, established by a plea of guilty, or a jury verdict, must be [either] admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 244 (affirming *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).

---

[1] Actually, counsel filed an objection to the Presentence Report in which he "requested" that the sentencing court refrain from considering Petitioner's criminal history in light of Petitioner's assertion that he did "not recall having been convicted" previously. It matters little whether counsel's "request" amounts to a Six Amendment *Booker* objection, as it is clear that, regardless of the answer, Petitioner's interpretation of *Booker* is flawed.

2

Petitioner's offense level was enhanced based only on his criminal history. As is made obvious from a plain reading of the above quote, *Booker* does not apply to sentence enhancements based on prior convictions. Thus, as Petitioner admits, his argument is foreclosed.

Petitioner's second claim is one of unfair treatment by the government on the basis of race. Petitioner does not articulate any basis for this allegation, or even allege any specific harm suffered as a result.

Dismissal of a § 2255 motion is warranted when "after prompt review of the files, records, transcripts, and correspondence relating to the judgment under attack, it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." 28 U.S.C. § 2255 Proc. R. 4(b). Because it plainly appears from the record that Petitioner is not entitled to relief, his Motion to Vacate Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, [Dkt. No. 17], is **DISMISSED**. Additionally, should he seek a certificate of appealability, such is **DENIED**.

IT IS SO ORDERED.

DONE this 20th day of July, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**